KENNEDY BERKLEY YARNEVICH
& WILLIAMSON, CHARTERED
119 W. Iron, 7th Floor
P.O. Box 2567
Salina, KS 67402-2567
(785) 825-4674 [Telephone]
(785) 825-5936 [Fax]

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| SHIRLEY HAGER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. ____________ |
| | ) |
| SUN LIFE ASSURANCE COMPANY OF CANADA, | ) |
| | ) |
| Defendant. | ) |
| | ) |

## COMPLAINT

Plaintiff Shirley Hager ("Shirley"), for her cause of action against Defendant Sun Life Assurance Company of Canada ("Sun Life"), states and alleges as follows:

**Parties**

1. Shirley is a resident of the State of Kansas and resides in WaKeeney, Trego County.

2. Sun Life is an insurance company authorized to transact business in Kansas. Sun Life may be served with process through the Kansas Commissioner of Insurance pursuant to K.S.A. 60-304(g).

**Jurisdiction**

3. The Court has jurisdiction over this matter as Shirley's claims relate to a Disability Benefits Plan which constitutes an employee benefit plan as defined by federal statute under ERISA, 29 U.S.C. § 1001 *et seq*. (§ 502). Therefore, the Court's federal question jurisdiction is invoked pursuant to 28 U.S.C. § 1331.

**Venue**

4. Venue is proper within the District of Kansas pursuant to 29 U.S.C. § 1132(e)(2) because the acts complained of have occurred within the district.

**Allegations of Fact**

5. Shirley is a 57-year-old woman who resides in WaKeeney, Kansas with her husband, Tim Hager. Beginning in June of 1976, Shirley was employed by Trego WaKeeney State Bank in WaKeeney ("the Bank").

6. Prior to her resignation, Shirley served in a number of roles, including Senior Vice President, cashier, payroll clerk, loan officer and other related positions. These jobs were technically and mentally challenging, requiring familiarity with State and Federal regulations.

7. As a benefit of her employment, Shirley participated in a Long-Term Disability Insurance Plan ("LTD Plan") provided through the Kansas Bankers Association and administered by Sun Life.

8. In early to mid 2014, Shirley began experiencing difficulty with her memory which impacted her ability to perform her job tasks at the Bank. These issues progressively worsened as time went on.

9. Shirley was seen by several health care providers regarding her condition, including her primary care physician, a neuropsychologist and a neurologist. Possible diagnoses included neurodegenerative disorder, dementia, Alzheimer's disease and neurovascular changes.

10. Due to her health issues, Shirley was forced to cease working, and resigned from the Bank effective January 30, 2015.

11. Shirley applied for disability benefits under the LTD Plan on January 5, 2015. Sun Life denied this claim as of February 26, 2015 and Shirley requested an appeal review on March 3, 2015

12. On May 26, 2015, Sun Life offered Shirley a lump sum settlement of $36,500 in return for a release of any claim she may have under the LTD Plan. Shirley did not accept this offer.

13. Sun Life denied Shirley's appeal by letter dated October 13, 2015, and notified her she had exhausted her administrative remedies.

**<u>Theories of Recovery</u>**

**<u>COUNT I</u>**
**<u>ERISA</u>**

14. Shirley realleges and incorporates herein the allegations contained in paragraphs 1 through 13 above.

15. Sun Life's actions constitute a violation of the Employee Retirement Income Security Act of 1974 (ERISA) and entitle Shirley to recover benefits due to her under the terms of the LTD Plan under 29 U.S.C. § 1132(a)(1)(B).

**COUNT II**
**DECLARATORY and INJUNCTIVE RELIEF**

16. Shirley realleges and incorporates herein the allegations contained in paragraphs 1 through 15 above.

17. Pursuant to U.S.C. § 1132(a)(3), Shirley is entitled to declaratory relief from the Court and/or the enjoining of the actions of Sun Life that violate the terms of the LTD Plan, and properly enforce the terms of the LTD Plan.

**COUNT III**
**ATTORNEY FEES AND COSTS**

18. Shirley realleges and incorporates herein the allegations contained in paragraphs 1 through 17 above.

19. ERISA section 502, 29 U.S.C. § 1132(g)(1), authorizes the Court to award reasonable attorneys' fees and the costs of action to either party in an ERISA action.

20. As a result of the actions and failings of Sun Life, Shirley has retained the services of legal counsel and has necessarily incurred attorneys' fees and costs in prosecuting the action. Further, Shirley anticipates incurring additional attorneys' fees and costs in hereafter pursuing the action, all in a final amount which is currently unknown. Shirley therefore requests an award of reasonable attorneys' fees and costs.

WHEREFORE, Shirley respectfully requests that the Court enter judgment in her favor and against Sun Life in an amount in excess of $75,000.00; that the Court declare Shirley eligible under the terms of the LTD Plan and enforce the terms of said plan; that the Court award her

reasonable attorneys' fees; that the costs of this action be assessed against Sun Life; and that the Court grant such other and further relief as it deems fair and equitable in the circumstances.

RESPECTFULLY SUBMITTED,

/s/ Larry G. Michel

Larry G. Michel #14067
KENNEDY BERKLEY YARNEVICH
& WILLIAMSON, CHARTERED
119 West Iron Avenue, 7th Floor
P.O. Box 2567
Salina, KS 67402-2567
(785) 825-4674
lmichel@kenberk.com
ATTORNEYS FOR PLAINTIFF

**DEMAND FOR TRIAL BY JURY**

Shirley hereby requests pursuant to Fed.R.Civ.P. 38(b) that all issues of fact be tried to a jury.

/s/ Larry G. Michel
Larry G. Michel

**DESIGNATION OF PLACE OF TRIAL**

Pursuant to D.Kan. Rule 40.2, Shirley designates Topeka, Kansas as the place of Trial.

/s/ Larry G. Michel
Larry G. Michel